******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ECKER, J., concurring in part and dissenting in part.
I agree with and join parts I, II, and III of the majority
opinion. I respectfully dissent, however, from part IV
of the majority opinion, in which the majority concludes
that, even if the cruel and unusual punishment claims
raised by the petitioner, Tyreese Bowens, are not barred
by the doctrine of res judicata, he cannot prevail on
those claims in light of this court's recent decisions in
*State* v. *McCleese*, 333 Conn. 378,     A.3d     (2019),
and *State* v. *Williams-Bey*, 333 Conn. 468,     A.3d
(2019). For the reasons articulated in my dissenting
opinions in those cases, I believe that juvenile offenders
cannot constitutionally be sentenced as adults without
an individualized sentencing proceeding in which the
sentencing judge *must* consider the mitigating effects
of youth and its associated features, and also that the
availability of parole eligibility under § 1 of No. 15-84
of the 2015 Public Acts, codified at General Statutes
§ 54-125a, is not a substitute for such an individualized
sentencing hearing. See *State* v. *McCleese*, supra, 429
(*Ecker*, *J.*, dissenting); *State* v. *Williams-Bey*, supra,
477 (*Ecker*, *J.*, dissenting); see also *State* v. *Taylor G.*,
315 Conn. 734, 796–97, 110 A.3d 338 (2015) (*Eveleigh*,
*J.*, dissenting).

––––––––––––––––––